IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENNY RAMON SHORT,<br><br>Plaintiff,<br><br>v.<br><br>CHELSEA HOFFMAN, PETER PHILLIPS, PENNSYLVANIA PAROLE BOARD,<br><br>Defendants. | 2:25-CV-01315-CCW |

**OPINION**

Before the Court are Motions to Dismiss the Amended Complaint by Defendant Pennsylvania Parole Board, ECF No. 18, and by Defendants State Parole Agent Chelsea Hoffman and State Parole Supervisor Peter Phillips (collectively, "Corrections Defendants"), ECF No. 21. For the reasons set forth below, the Court will grant the Motions.

## I. Background

This case stems from pro se Plaintiff Lenny Ramon Short's alleged unlawful detention following his March 26, 2024 arrest for an alleged parole violation. *See* ECF No. 8. Defendant Agent Hoffman[1] is a Pennsylvania State Parole Agent. *Id.* ¶ 4. Defendant Supervisor Phillips is a Pennsylvania State Parole Supervisor. *Id.* ¶ 5.

In the operative Amended Complaint, Mr. Short makes the following claims: § 1983 Due Process violation under the Fourteenth Amendment against the Corrections Defendants (Count I); § 1983 unlawful seizure and detention under the Fourth Amendment against the Corrections

[1] The Corrections Defendants' briefing states that Ms. Hoffman's and Mr. Phillips' last names are actually "Huffman" and "Peters," respectively. *See* ECF No. 22 at 2 n.2. However, the Corrections Defendants failed to move or otherwise stipulate to correct the docket. Accordingly, the Court will refer to these Defendants as they are identified on the docket.

Defendants (Count II); Supervisory Liability against Supervisor Peters (Count III); and Failure to Train or Implement Constitutional Policy against the Pennsylvania Parole Board (Count IV).[2] *Id.* at 1–2.

The following factual allegations are accepted as true. On March 26, 2024, Mr. Short was "detained based on an alleged parole violation stemming from a summary charge (Disorderly Conduct)." *Id.* ¶ 8. Mr. Short had previously been convicted of "a parole-eligible offense" and released under supervision.[3] *Id.* ¶ 7. The subsequent disorderly conduct charge was "resolved at a Magisterial District Court."[4] Mr. Short alleges that "[d]espite resolution of the charge," he was detained until August 8, 2024, "without a valid commitment order or Gagnon hearing." *Id.* ¶ 10. As relief, he seeks money damages and declaratory judgment that his rights were violated.

In separate Motions to Dismiss, the Pennsylvania Parole Board and the Corrections Defendants now seek to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Mr. Short failed to state a claim. ECF Nos. 18, 21.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.

[2] The Court has jurisdiction over Mr. Short's claims, which raise federal questions, under 28 U.S.C. § 1331.

[3] Mr. Short attaches a Pennsylvania Magisterial District Court docket sheet to the Amended Complaint indicating that he was convicted of Public Drunkenness and Similar Misconduct on February 12, 2024. ECF No. 8-1. He makes no reference to this attachment in the Amended Complaint.

[4] Mr. Short does not specify the date on which the charge was resolved or how the charge was resolved. *See* ECF No. 8.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss."). In addition, the pleadings of pro se litigants must be liberally construed. *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).

## III. Analysis

### A. The Claim Against the Pennsylvania Parole Board (Count IV) Will Be Dismissed Because it is Not a Person Subject to Suit Under § 1983

The Pennsylvania Parole Board argues that it should be dismissed as a defendant because it is not a "person" and therefore cannot be the subject of a § 1983 claim. ECF No. 19 at 3. In his brief in opposition, Mr. Short fails to respond to the Parole Board's argument that it should be dismissed as a defendant. *See* ECF No. 26. For the reasons set forth below, the Court will grant the Parole Board's Motion and dismiss the claim against it (Count IV) with prejudice.

In the Amended Complaint, Mr. Short alleges that the Parole Board "by and through its policies, failed to properly train or oversee agents to ensure parolees were not unlawfully recommitted without valid cause." ECF No. 8 ¶ 22. Although Mr. Short does not identify a statutory basis for this claim, he alleges that the Board violated his constitutional rights and seeks damages for those alleged violations. *Id.* at 2. Therefore, construing Mr. Short's Amended Complaint liberally, the Court construes this claim as arising under § 1983. *See, e.g.*, *Mansaray v. Wenner*, No. 1:21-CV-351, 2022 WL 463302, at *1 (W.D. Pa. Feb. 15, 2022) (Baxter, J.) (construing a claim seeking monetary damages for an alleged violation of plaintiff's constitutional rights as a § 1983 claim). To state a claim under § 1983, a plaintiff must allege "(1) that the conduct complained of was committed by a *person* acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (internal citation omitted) (emphasis added).

Here, the § 1983 claim fails because "a [Parole] Board is not a person within the language of 42 U.S.C.A. Section 1983." *Madden v. N.J. State Parole Bd.*, 438 F.2d 1189, 1190 (3d Cir. 1971); *Moore v. Chester Cnty. Cts.*, No. 21-CV-5230, 2022 WL 742708, at *3 (E.D. Pa. Mar. 10,

2022) ("[A]s a state agency, the State Parole Board is not a 'person' against whom a civil rights action may be brought under Section 1983."). Therefore, the Court will dismiss the claim against the Pennsylvania Parole Board (Count IV) with prejudice. *See Bryant v. Traendly*, No. 19-CV-4758, 2020 WL 1065704, at *2 (D.N.J. Mar. 5, 2020) (dismissing § 1983 claims against a Parole Board with prejudice because it is "not a 'person' subject to suit" under § 1983); *Thrower v. N.J. State Parole Bd.*, 438 F. App'x. 71, 72 (3d Cir. 2011) (affirming dismissal of § 1983 claims against New Jersey State Parole Board).

### B. Mr. Short Fails to Sufficiently Allege a Due Process Violation Under the Fourteenth Amendment (Count I)

Mr. Short alleges that the Corrections Defendants[5] violated his due process rights "[b]y detaining Plaintiff without lawful cause, hearing, or commitment order," causing Mr. Short "to be unlawfully imprisoned for over four months." ECF No. 8 ¶¶ 15–16. The Corrections Defendants seek to dismiss this claim, arguing that it fails as a matter of law. ECF No. 22 at 10–15. For the reasons set forth below, the Court will dismiss Mr. Short's due process claim (Count I).[6]

"[T]he conditional freedom of a parolee generated by statute is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated absent

---

[5] The Amended Complaint does not specify whether claims in are made against Corrections Defendants in their official or individual capacities. *See* ECF No. 8. However, in response to their Motion to Dismiss, Mr. Short clarifies that his claims are against the Corrections Defendants in their individual capacities only. *See* ECF No. 24 at 3. Accordingly, the Court will analyze Counts I–III as claims against the Corrections Defendants in their individual capacities.

[6] Although Mr. Short alleges a due process violation under the Fourteenth Amendment, he does not clearly state whether he intends to assert a procedural or substantive due process claim. *See* ECF No. 8. The Court construes the Amended Complaint as asserting a procedural due process claim. Mr. Short alleges that he was detained "without lawful cause, hearing, or commitment order," and, specifically, that he was denied a "Gagnon hearing." *Id.* ¶¶ 10, 15. In response to the Pennsylvania Police Department's Motion to Dismiss, Mr. Short states that he was denied "procedural safeguards" and detained "without lawful process." ECF No. 24 at 2. The alleged constitutional deficiency therefore concerns the process afforded to Mr. Short in connection with his detention and the Court will analyze this claim under the procedural due process framework. In any event, to the extent Mr. Short alleges a substantive due process claim, he has failed to allege sufficient facts to sustain a claim against the Corrections Defendants.

appropriate due process safeguards." *Moody v. Daggett*, 429 U.S. 78, 85 (1976) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)). Thus, to state a claim for a procedural due process violation, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment[] . . . and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

Here, the Amended Complaint does not enable the Court to conclude that the procedures afforded to Mr. Short were constitutionally inadequate. Mr. Short does not identify the nature of the parole proceeding that occurred in connection with his March 26, 2024 detention. *See* ECF No. 8. He does not indicate how, specifically, the charge against him was "resolved." *Id.* ¶ 9. While Mr. Short alleges that he was detained without a "Gagnon hearing," he does not state whether another type of hearing occurred, identify whether or when his parole was actually revoked, or explain the legal basis on which he remained incarcerated until August 8, 2024. *See id.* ¶¶ 7–13. These allegations leave unclear what constitutionally required process Mr. Short was allegedly denied.

Nor does the Amended Complaint allege any specific conduct by Chelsea Hoffman or Peter Phillips. *See generally id.* Mr. Short alleges that "Defendants violated Plaintiff's rights to due process of law." *Id.* ¶ 15. However, Mr. Short fails to provide how Ms. Hoffman or Mr. Phillips were personally involved in his conviction, the finding that he had committed a parole violation, or otherwise were responsible for the revocation of his parole or alleged denial of process. The conclusory allegation that the Corrections Defendants violated Mr. Short's rights is insufficient to plausibly establish their personal involvement.

Accordingly, because Mr. Short fails to sufficiently allege how his due process rights were violated, and because he fails to allege Ms. Hoffman or Mr. Phillips' personal involvement, Count I fails to state a claim against either Corrections Defendant. The Court will therefore grant the Corrections Defendants' Motion to Dismiss Count I, without prejudice and with leave to amend.

### C. Mr. Short Fails to Sufficiently Allege Unlawful Seizure and Detention in Violation of the Fourth Amendment (Count II)

In the Amended Complaint, Mr. Short alleged that his "prolonged detention by state officers without probable cause or lawful commitment" constituted unlawful seizure in violation of the Fourth Amendment. ECF No. 8 ¶ 18.

The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. A "seizure" under the Fourth Amendment occurs "when there is a governmental termination of freedom through means intentionally applied." *Scott v. Harris*, 550 U.S. 372, 381 (2007). An individual is "seized" for Fourth Amendment purposes where that person's freedom of movement is restrained such that a reasonable person "would have believed he [or she] was not free to leave.'" *United States v. Mendenhall*, 446 U.S. 544, 553–54 (1980)). "Generally, a seizure is reasonable only where it is justified by a warrant or probable cause." *Smith v. Bialik*, No. 2:19-CV-00778, 2020 WL 231390, at *3 (W.D. Pa. Jan. 15, 2020) (Hornak, J.) (citing *Couden v. Duffy*, 446 F.3d 483, 494 (3d Cir. 2006)). Finally, to state a § 1983 unlawful seizure claim, a plaintiff must plausibly allege that the defendant personally participated in, or was otherwise responsible for, the allegedly unlawful seizure. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010); *Torres v. Unuigbe*, No. 23-CV-02264, 2026 WL 1893503, at *3 (D.N.J. June 30, 2026) ("In § 1983 actions, liability requires personal involvement in the alleged constitutional violation.") (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Mr. Short alleges that he was arrested and detained from March 26, 2024 through August 8, 2024. ECF No. 8 ¶¶ 8, 10. Accepting these allegations as true, the Court concludes that Mr. Short plausibly alleges that a reasonable person would have believed he was not free to leave in the circumstances alleged. *See Torres v. Madrid*, 592 U.S. 306, 312 (2021) ("[T]he arrest of a person is quintessentially a seizure.") (quoting *Payton v. New York*, 445 U.S. 573, 585 (1980)). However, the Amended Complaint contains no factual allegations that Ms. Hoffman or Mr. Phillips initiated Mr. Short's arrest, conviction or detention, directed it, or otherwise caused Mr. Short to be unlawfully detained. Rather, Mr. Short alleges only that his detention "by state officers" violated his Fourth Amendment rights. ECF No. 8 ¶ 18. Because § 1983 liability requires personal involvement in the alleged constitutional deprivation, Mr. Short fails to state an unlawful seizure claim against Ms. Hoffman or Mr. Phillips. Accordingly, Count II is dismissed without prejudice and with leave to amend.

### D. Mr. Short Fails to Sufficiently Allege a Supervisory Liability Claim (Count III)

Mr. Short asserts a claim of "Supervisory Liability[,]" against Mr. Phillips, arguing that he "knew or should have known about Plaintiff's unlawful detention and failed to intervene, correct the error, or ensure lawful process." ECF No. 8 ¶ 20. The Corrections Defendants argue that this claim should be dismissed for failure to allege Mr. Phillips' personal involvement. For the reasons set forth below, the Court agrees with the Corrections Defendants, and will dismiss this claim (Count III).

A supervisor may be liable for the constitutional violations of subordinates "(1) where the supervisor participated in, directed, or had knowledge of and acquiesced in a subordinate's constitutional violation, or (2) where the supervisor had a policy, practice, or custom that caused the constitutional violation." *Mucci v. Waters*, No. CV 23-2649, 2025 WL 2555373, at *3 (E.D.

Pa. Sept. 3, 2025) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)). Here, even if Mr. Short adequately alleged an underlying constitutional violation by Ms. Hoffman, which he did not, Mr. Short has failed to adequately plead a claim of supervisory liability against Mr. Phillips. Mr. Short alleges only that Mr. Phillips "knew or should have known about Plaintiff's unlawful detention" and failed to intervene. ECF No. 8 ¶ 20. Such conclusory statements are insufficient to constitute a viable claim of supervisory liability. Accordingly, the Court will dismiss this claim (Count III), without prejudice and with leave to amend.

## IV. Conclusion

For the foregoing reasons, the Pennsylvania Parole Board's Motion to Dismiss and the Corrections' Defendants Motion to Dismiss are GRANTED, as set forth fully in the accompanying Order. Should Mr. Short seek to file an amended complaint, he must do so by **August 31, 2026** Any amendment shall be limited to the claims the Court has dismissed without prejudice.

DATED this 13th of August, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. Mail):

Lenny Ramon Short, Pro se
631 Allegheny Avenue
Glassport, PA 15045